THE STATE *ex rel.* JAMES GONEGAL *v.* THE JUDGE OF THE THIRD DISTRICT
COURT OF NEW ORLEANS.

This court has only appellate jurisdiction. It is not vested with the power of correcting decrees of
other courts, except on appeal  See Const Art. 70.
It has no authority to take original jurisdiction of the case, substitute its opinion for that of the judge
of the lower court, and force him to pronounce its opinion, not his own, on the rights of the parties.

APPEAL from the Third District Court of New Orleans, *Fellowes, J.*
C. *Roselius* for relator.

HYMAN, C. J.   The relator, James Gonegal, avers that B. A. Shepherd
sued, in the Third District Court of New Orleans, Woodman & Bement,
for rent of certain real property in the city of New Orleans, and obtained
a writ of provisional seizure ; that, under the writ, the sheriff had seized
his goods in the premises let to Woodman & Bement; that he intervened
in the suit, and took a rule on the sheriff and plaintiff to show cause why
he should not be allowed to deposit in court such sum as the court might
fix, to be applied in payment of any judgment which plaintiff might ob-
tain, as a lien or pledge on his goods, and that, upon his depositing such
sum, his goods should be released from seizure.

He further avers that the judge of said court, after advisement, entered
an order dismissing his rule and denying his prayer ; that he is entitled
to the remedy applied for ; that the judge, in refusing the rule, declined
to do what in law he was bound to do; that the order of the judge is a
denial of justice to him, and that the slowness of ordinary legal forms is
likely to produce such a delay, that the public good and the administra-
tion of justice will suffer from it.

He prays that a writ of *mandamus* issue, directing the judge to make
the rule absolute, or show cause to the contrary, and that a peremptory
*mandamus* issue ordering him to make it (the rule) absolute.

The complaint against the judge, as set forth, is not that he refused to
perform his duties as an officer, but that his decision on the relator's rule
was contrary to law and justice.

This court has only appellate jurisdiction.   It is not vested with the
power of correcting decrees of other courts, except on appeal.   See Const.
Art. 70.

It has no authority to take original jurisdiction of the case, substitute
its opinion for that of the judge of the lower court, and force him to pro-
nounce its opinion, not his own, on the rights of the parties.   See 13 An.
482–3.

The probability that the public good and the administration of justice
may suffer from delay, as alleged by relator, cannot give this court origi-
nal jurisdiction, or the power of reversing the decree of the lower court,
without appeal therefrom.

*Mandamus* refused.